UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID MILLER,            )
    Plaintiff,        )
                         )
v.                       )     No. 3:03-CV-574
                         )     (Phillips/Guyton)
CITY OF KNOXVILLE, et al.,)
    Defendants.       )

## MEMORANDUM OPINION

This is a Fair Housing case alleging disability discrimination. Defendant City of Knoxville has moved to dismiss the action on the following grounds: (1) the Americans with Disabilities Act (ADA) and the Rehabilitation Act do not provide a private cause of action against governmental entities for allegedly failing to properly inspect private rental housing; (2) Miller has failed to state a cause of action under the Fair Housing Act, as he has not alleged that he was denied access to housing by the City of Knoxville; (3) Miller has failed to state a cause of action under the Tennessee Human Rights Act (THRA), as he has not alleged that he was denied access to housing by the City; (4) Miller's claims are barred by the applicable statutes of limitations; (5) Miller has failed to state a cause of action under 42 U.S.C. § 1983; and (6) municipalities are immune under the Tennessee Governmental Tort Liability Act (GLTA) for allegedly failing to properly inspect private rental housing.

Factual Background

Plaintiff David Miller is a disabled person who uses a wheelchair to gain mobility. Miller is a renter at Hillside Place Apartments in Knoxville, Tennessee. Miller began his residency in the apartments on or about February 1, 1999. Construction on the apartments was completed on or about the Fall of 1998. The City of Knoxville issued its last Certificate of Occupancy relating to the apartments on or about October 21, 1998. In his complaint, plaintiff alleges that certain facilities at the apartments are not accessible to him and that certain areas and facilities of the apartments were negligently designed and/or constructed. Specifically, Miller claims that the City

> Previewed and approved the design and construction plans for Hillside Place Apartments (which received federal tax credits and continues to receive federal Section 8 monies) before construction. Then, the City of Knoxville inspected the Hillside Place Apartments after construction was completed. The City approved and passed the construction as built.

Miller alleges that the finished construction of Hillside Place Apartments was in violation of federal law, and that the City issued a certificate of occupancy "thereby enabling a private developer and others to rent the illegally designed/constructed multi-family units to the public." Finally, Miller alleges that the City "continues to employ the same regulatory customs, procedures and even personnel, thereby yielding the same results, making future violations of federal statutory law likely...."

-2-

Miller makes no allegation that the City was involved in the actual design or construction of Hillside Place, other than by approving the same. Miller also makes no allegation that the City owns, or has ever owned Hillside Place, nor that the City has ever issued its owners tax monies or tax credits.

Defendant City of Knoxville has moved to dismiss this action on the grounds that there are no genuine issues of material fact, and that it is entitled to dismissal of Miller's complaint on the following grounds: (1) the ADA and the Rehabilitation Act do not provide a private cause of action against governmental entities for allegedly failing to properly inspect private rental housing; (2) Miller has failed to state a cause of action under the Fair Housing Act, as he has not alleged that he was denied access to housing by the City of Knoxville; (3) Miller has failed to state a cause of action under the THRA, as he has not alleged that he was denied access to housing by the City; (4) Miller's claims are barred by the applicable statutes of limitations; (5) Miller has failed to state a cause of action under 42 U.S.C. § 1983; and (6) municipalities are immune under the GTLA for allegedly failing to properly inspect private rental housing.

## Analysis

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him

to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted). Defendant City has moved to dismiss on a number of grounds.

First, the City avers that Miller has failed to state a cause of action against the City under the ADA and the Rehabilitation Act as the City neither owns nor controls Hillside Place Apartments and cannot be liable for an allegedly faulty inspection of Hillside Place. The Sixth Circuit has held that Title III of the ADA does not apply to governmental entities or the facilities owned or operated by such governmental entities. *Sandison v. Michigan High School Athletic Assoc., Inc.,* 64 F.3d 1026, 1036 (6th Cir. 1995). Moreover, approval of building permits for structures that are not ADA compliant does not violate the ADA or the Rehabilitation Act, in that the act of approval of design permits does not make the structure a governmental service, activity or program. *Alford v. City of Cannon Beach,* 2000 WL 33200554 (D.Or. Jan. 17, 2000).

Second, the City avers that Miller's claims under the Fair Housing Act are not actionable, as they related to claims of habitability, not availability. Federal courts have held that the Fair Housing Act does not apply to municipalities in failing to enforce codes, as such action goes to the habitability of a dwelling, not the availability. *See Cox v. City of Dallas,* 430 F.3d 734 (5th Cir. Tex. 2005)*; Clifton Terrace Assoc, Ltd. v. United technologies Corp.,* 929 F.2d 714 (D.C. Cir. 1991). The City also avers that Miller's claims under the THRA are similarly barred as Miller is not alleging that he was denied access to housing. The provisions of the THRA prohibiting discrimination in housing apply only to actions involving the sale or rental of real property. *See* Tenn. Code Ann. § 4-21-601(a)(1)-(7). Miller has made no allegation that he was prohibited in any way from leasing an apartment at Hillside Place, as a result, his claims under the ADA, Rehabilitation Act, Fair Housing Act, and the THRA will be dismissed.

Third, the City avers that Miller has failed to state a cause of action under 42 U.S.C. § 1983. Miller makes no specific reference to any § 1983 violation in his complaint. Section 1983 only applies to rights secured by the "Constitution and laws". 42 U.S.C. § 1983. "Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate." *Lewellen v. Metro. Govt of Nashville,* 34 F.3d 345, 347 (6th Cir. 1994).

Next, the court finds that Miller's claims against the City for tort are barred by the GTLA, as municipalities are absolutely immune from suit for failure to or by making an inadequate inspection. Under Tenn. Code Ann. § 29-20-205(4), governmental immunity is not waived for injuries arising "out of a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property." The Tennessee Supreme court has held that provision "provides immunity from suit when a governmental entity negligently fails to discharge an existing duty to inspect property not owned by the City." *Hawks v. City of Westmoreland,* 960 S.W.2d 10, 16 (Tenn. 1997).

Last, the court finds that Miller's claims are barred by the statute of limitations. The applicable state statute of limitations for personal injuries governs claims brought under the ADA and the Rehabilitation Act. *Lewis v. Fayette County Detention Center,* 211 F.3d 1269 (6th Cir. 2000). In Tennessee, claims for personal injuries and federal civil rights, such as § 1983, are governed by a one-year statute of limitations. *Wilson v. Garcia,* 471 U.S. 261 (1985); Tenn. Code Ann. § 28-3-104(a)(3). Actions under the Tennessee Governmental Tort Liability Act are similarly governed by a one-year statute of limitations. Tenn. Code Ann. § 29-20-305(b). Actions under the Tennessee Human Rights Act are also governed by a one-year statute of limitations. Tenn. Code Ann. § 4-21-311(d). Actions under the Fair Housing Act are governed by a two-year statute of limitations. 42 U.S.C. § 3613.

In his complaint, Miller alleges that he moved into Hillside Place in 1999. He filed his initial complaint in this court on November 4, 2003, four years later. Miller's allegations against the City clearly related to alleged conduct regarding inspection and permits, which necessarily had to be completed at the latest in 1998, prior to Miller first occupying his apartment. Thus, all of Miller's claims against the City are time-barred.

In response, Miller avers that discovery is necessary in order to adequately respond to the City's motion to dismiss. However, Miller has not shown that his lawsuit was timely filed within the applicable statute of limitations, nor has he shown that the City has any liability for his alleged claims. Rather, Millers makes conclusory allegations that the City "voluntarily assumed a duty to enforce" various housing and discrimination laws.

Discovery is only appropriate where there are factual issues raised by a Rule !2(b) motion. *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987). Where the district court accepts the plaintiff's allegations, but concludes that those allegations are insufficient as a matter of law, it is not an abuse of discretion to limit discovery. *Id., see also Flain v. Medical College of Ohio,* 418 F.3d 629, 643 (6th Cir. 2005). Miller has failed to state how any discovery would render his claims timely under the applicable statutes of limitations, or would demonstrate the City's liability under the theories set forth in his complaint. Consequently, any discovery Miller would take would simply be a needless expense to the parties.

Accordingly, for the reasons stated above, defendant City of Knoxville's motion to dismiss [Doc. 35] will be **GRANTED**, and this action will be **DISMISSED**.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge